**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Armanna J. Bellow, | Case No.: 2:22-cv-01144-JAD-EJY |
| Plaintiff | |
| v. | **Order Setting Aside Improperly Entered Default and Granting Motion to Dismiss with Leave to Amend** |
| Henderson Police Department, | [ECF Nos. 6, 9] |
| Defendant | |

Pro se plaintiff Armanna J. Bellow filed this action against the Henderson Police Department (HPD) in state court, alleging that he was the victim of a "false arrest" and excessive force.[1]  Because the nature of Bellow's allegations is federal, the HPD removed this suit to the federal court—but not before the state court erroneously entered default against the HPD.  So the HPD moves this court to set aside that default[2] and then dismiss this action under Federal Rule of Civil Procedure 12(b)(6) because Bellow's complaint, which is factually thin and identifies only a claim for "breach of contract," fails to state a claim for relief.[3]  I grant both motions and give Bellow leave to amend his complaint so that he may have one more chance to state a plausible claim for relief.

**Discussion**

**I.      The default was improperly entered and must be set aside.**

Court rules permit the Clerk of Court to enter default against a defendant who has failed to answer or otherwise appear in a case by the response deadline.  The length of that deadline

---

[1] ECF No. 1.

[2] ECF No. 6 (motion to set aside default).

[3] ECF No. 9 (motion to dismiss).

depends on the status of the defendant.  Although most defendants have just 21 days to respond to a complaint, Nevada Rule of Civil Procedure 12(a)(2) gives municipal defendants like the HPD 45 days to respond.[4]

The Constable's affidavit of service reflects that the HPD was served with process on June 22, 2022,[5] so it had until August 6, 2022, to answer or otherwise respond.  The state-court clerk's entry of default on July 13, 2022, was thus premature and constituted error.[6]  Federal Rule of Civil Procedure 55(c) authorizes the court to "set aside an entry of default for good cause."[7]  Because this error is good cause to set aside the default, I grant the HPD's motion, set aside the default, and consider the merits of its pending motion to dismiss.

## II.    The complaint fails to state a plausible claim for relief.

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[8]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[9] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some viable legal theory*."[10]  A complaint that fails to meet this standard must be dismissed.[11]

---

[4] Nev. R. Civ. P. 12(b)(2).  Because this case was pending in state court at the time default was entered, it is the state version of this rule that controls.

[5] ECF No. 1 at 16.

[6] *Id*. at 19.

[7] Fed. R. Civ. P. 55(c).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[11] *Twombly*, 550 U.S. at 570.

As the HPD points out in its motion to dismiss, Bellow's complaint falls far short of meeting this standard.[12]  In his three-page complaint, he alleges that HPD Officer Ventura "abused his authority, excessively forcing his finger in my but [sic]" and surmises, "I think he wonted [sic] me to back kick at him so he could shoot me."[13]  He also summarily states that he "was accused and falsely arrested" and that "the Nevada courts completely held [him] for know [sic] reason."[14]  The only claim he lists in the complaint is "breach of contract,"[15] and the HPD is the only defendant.  Generously construing Bellow's allegations, it appears that he desires to plead claims under 42 U.S.C. § 1983 for unlawful arrest and excessive force against the HPD.

The first problem with Bellow's complaint is its target defendant.  The Eleventh Amendment to the U.S. Constitution grants states and their agencies sovereign immunity from suit, but the State of Nevada has waived that immunity to allow the state and its political subdivisions to be sued in certain types of cases.[16]  But police departments are not political subdivisions of the State of Nevada.  Though a Nevada city itself might be sued, its police department cannot.[17]  So Bellow's suit must be dismissed for this reason.

Even if Bellow had named the right defendant, his claims still fail for several more reasons.  The first is that he hasn't stated facts to support claims for unlawful arrest or excessive force.  To state a § 1983 claim for false arrest and detention, a plaintiff must allege true facts to

---

[12] ECF No. 9.

[13] ECF No. 1 at 6.

[14] *Id*. at 6–7.

[15] *Id*. at 6.

[16] Nev. Rev. Stat. § 41.031.

[17] *See Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

3

show that there was no probable cause to arrest him.[18]  "[P]robable cause exists when the arresting officer has facts within his knowledge based on trustworthy information [that] would warrant a prudent man to believe that an offense has been committed, and that the suspect committed it."[19]  So, to state a plausible claim for false arrest, a plaintiff must allege enough facts to show the circumstances of the arrest and to allow the court to infer that the information known to the officer did not rise to the level of probable cause.  Bellow's complaint lacks any such facts.

To state a claim for excessive force under the Fourth Amendment, a plaintiff must allege facts showing that an officer used more than the force a reasonable and prudent law enforcement officer would use under the circumstances.[20]  To do this, a plaintiff must describe all the circumstances of the arrest and the details of the force used so that the court can infer that the amount of force was excessive.  Bellow's complaint does not provide these circumstances or details.

Because Bellow has failed to state a plausible claim for relief, I grant the HPD's motion to dismiss.  But I also recognize that Bellow is representing himself in this case, and the Ninth Circuit has cautioned district courts that, when granting a motion to dismiss a pro se plaintiff's complaint for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[21]  So, although I dismiss Bellow's complaint, I do so with leave to amend.  Bellow is cautioned that an amended complaint replaces

---

[18] *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

[19] *United States v. Jennings*, 468 F.2d 111, 114 (9th Cir. 1972).

[20] *Graham v. Connor*, 490 U.S. 386, 395 (1989), overruled on other grounds by *Saucier v. Katz*, 533 U.S. 194 (2001).

[21] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

1  the original complaint, so the amended complaint must be complete in itself without reference

2  back to an earlier version of the complaint.  He is granted leave to attempt to plead cognizable

3  claims for unlawful arrest and excessive force only, and he may not include as a defendant the

4  Henderson Police Department; rather, he must choose a defendant against whom the law permits

5  him to bring his claims.

6          Bellow is further cautioned that, if he amends his complaint to target the City of

7  Henderson as the defendant, he will need to do more than show that an HPD officer violated his

8  rights because a municipality may be found liable for civil-rights violations of this type under 42

9  U.S.C. § 1983 only if the municipality itself causes the violation at issue.[22]  So, to state a claim

10  for municipal or city liability, a plaintiff must allege that he suffered a constitutional deprivation

11  that was the product of a policy or custom of the local government unit.[23]  "Official municipal

12  policy includes the decisions of a government's lawmakers, the acts of its policymaking officials,

13  and practices so persistent and widespread as to practically have the force of law."

14  **III.    This court does not take action in response to letters.**

15          Finally, the court takes this opportunity to advise Bellow that the letters that he continues

16  to send to this court are violating the rules of this court.  As this district's local rule IA 7-1

17  explains, attorneys and pro se parties "must not send case-related correspondence, such as letters,

18  emails, or facsimiles, to the court.  All communications with the court must be styled as a

19  motion, stipulation, or notice, and must be filed in the court's docket and served on all other

20  attorneys and pro se parties.  The court may strike any case-related correspondence filed in the

21

22

---

23  [22] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)).

[23] *City of Canton*, 489 U.S. at 385.

court's docket that is not styled as a motion, stipulation, or notice."[24]  Bellow is hereby notified

that the court will take no action in response to his letters.  Any request for relief related to this

case must be styled as a proper motion in the format required by the local rules.[25]  **Further**

**letters will be disregarded.**

**Conclusion**

IT IS THEREFORE ORDERED that the defendant's motion to set aside the **default**

**[ECF No. 6] is GRANTED.  The default is set aside** and vacated, and the court considers the

defendant's motion to dismiss as the defendant's timely response to the complaint and resolves

that motion on its merits.

Having done so, IT IS FURTHER ORDERED that the Henderson Police Department's

motion to dismiss **[ECF No. 9] is GRANTED**.  **The complaint is dismissed with leave to**

**amend by January 8, 2023,** if the plaintiff can state true facts to cure the deficiencies identified

in this order.  If he does so, he must **use the court's form complaint** and write "Amended"

above the title**,** and he may not replead his claims against the Henderson Police Department as

the claims against it are dismissed with prejudice.  So he must name a different defendant and

timely serve a summons and the amended complaint on that new defendant.

**The Clerk of Court is directed to:**

- **Set aside the default** entered by the state court;

- **Terminate** the Henderson Police Department as a defendant in this case; and

- **Send the plaintiff** a copy of this court's civil-rights complaint for a non-prisoner and instructions, along with a copy of his complaint (ECF No.1 at 6–8).

---

[24] L.R. IA 7-1.

[25] *See* LRs 7-2, 7-3, and LR IA 7-1.

6

**Plaintiff has until January 8, 2023, to file an amended complaint that complies with the instructions in this order. If he fails to do so, this case will be dismissed and closed.**

_____
U.S. District Judge Jennifer A. Dorsey
December 8, 2022