UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARMANNA J. BELLOW,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON,<br><br>Defendant. | Case No.: 2:22-cv-01144-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br>Re:  ECF No. 25 |

Pending before the Court is Plaintiff's Amended Complaint that, in its title, presents as a motion.[1] ECF No. 25. Although somewhat difficult to decipher, Plaintiff's Amended Complaint attempts to assert a Fourth Amendment, false arrest claim against the City of Henderson. Plaintiff asserts there is no evidence and, therefore, no probable cause that he violated any laws supporting his arrest. *Id*. at 3. Plaintiff is seeking $5 million in relief. *Id*. at 6. Documents attached to Plaintiff's Amended Complaint show the state court determined Plaintiff was not competent to stand trial, unlikely to obtain competency, and, after finding probable cause to support Plaintiff's arrest, ultimately dismissed the charges against Plaintiff without prejudice. *Id*. at 15.

To state a claim against the City of Henderson, Plaintiff must allege a constitutional violation arising out of an official policy or custom. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir.2012); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who

---

[1]   Plaintiff was granted leave to amend his complaint in the Court's December 8, 2022 Order. ECF No. 24. Nonetheless, the title of the document Plaintiff filed is "Motion from Jennifer A. Dorsey to Amend Complanint [sic] Stating Evidence and Fact." ECF No. 25.

committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Here, Plaintiff does not allege any facts suggesting that an official policy or custom of the City of Henderson resulted in a constitutional injury or that any conduct amounted to the City's official policy. Plaintiff also does not allege any facts committed by an official with final policy making authority. For these reasons alone Plaintiff's claims fail to state a claim against the City of Henderson.

Further, the Court finds the facts asserted in the Amended Complaint are such that Plaintiff cannot state a Fourth Amendment, false arrest claim against the City of Henderson. In sum, Plaintiff's rendition of facts show he was arrested in a McDonald's parking lot after interacting with a younger female customer he encountered inside the McDonald's. The police were called and arrested Plaintiff after he walked out of the McDonald's with the same female customer. ECF No. 25 at 3. Probable cause for the alleged offense with which Plaintiff was charged was confirmed on June 1, 2021, and bail was set at $20,000. *Id.* at 13.

Ninth Circuit case law holds that, in Nevada, probable cause determinations at a preliminary hearing are "final, conclusive determination[s] of the issue," even where a defendant is later acquitted or, as extended to this case, charges were dismissed based on competency. *See Haupt v. Dillard*, 17 F.3d 285, 288 (9th Cir. 1994). Case law also holds that establishing a lack of probable cause is essential to demonstrating a violation of Plaintiff's Fourth Amendment rights. *Beck v. City of Upland*, 527 F.3d 853, 864 (9th Cir. 2008). Because Plaintiff cannot establish a lack of probable cause for his arrest, Plaintiff cannot establish a false arrest, Fourth Amended violation.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff Amended Complaint (ECF No. 25), filed as a motion, be dismissed with prejudice.

Dated this 26th day of December, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).